

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 11-35865 |
| R.E. LOANS, LLC, | § | CHAPTER 11 (N.D. Texas) |
| R.E. FUTURE, LLC, and | § | |
| CAPITAL SALVAGE | § | |
| | § | |
| Debtors. | § | |
| | § | |
| SOUTH TEXAS FUNDING GROUP, L.P. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | ADVERSARY NO. 12-1004 |
| | § | |
| MORTGAGE FUND '08 LLC, *et al* | § | |
| | | |
| Defendant(s). | | |

## MEMORANDUM OPINION

South Texas Funding Group, L.P. filed a motion to remand this adversary proceeding, arguing that the removal was untimely. At a July 16, 2012 hearing, South Texas Funding alleged that the 180-day deadline in Rule 9027 precluded the removal of this proceeding. The Court requested briefing on the issue.

Having reviewed the briefs and applicable law, the Court holds that the 180-day deadline in Rule 9027(a)(2)(C) does not modify the removal deadline under clause (B). Under clause (B), there is no time limit for removal as long as a proceeding is stayed under § 362. This adversary proceeding is currently stayed. Therefore, removal was timely.

## Background

On July 6, 2010, South Texas Funding sued Mortgage Fund '08; R.E. Loans, LLC; and other defendants in state court in Cameron County, Texas.

R.E. Loans filed for bankruptcy on September 13, 2011 in the Northern District of Texas. R.E. Loans removed the state court lawsuit to this Court on May 17, 2012. South Texas Funding filed a motion to transfer on May 17, 2012, seeking to have the adversary proceeding transferred to the Northern District of Texas. ECF No. 2. South Texas Funding also filed a motion to remand on May 31, 2012, arguing that the state court lawsuit was not a core proceeding, that the notice of removal was not timely filed, and that the doctrine of laches precluded removal. ECF No. 7.

At a hearing on July 16, 2012, the Court stated that the mere assertion that the lawsuit was not a core proceeding was insufficient to justify remand and that there were no facts to support the doctrine of laches. Counsel for South Texas Funding argued that the phrase "but not later than 180 days after the order for relief" in Rule 9027(a)(2)(C) modifies the deadlines in clause (A), clause (B), and clause (C) of Rule 9027, establishing an absolute 180-day bar for removal. The Court requested additional briefing on this issue, ruling that if the removal was timely, there was insufficient basis either for remand or for transfer.

R.E. Loans filed a brief on July 26, 2012, ECF No. 12, and South Texas Funding filed a brief on July 30, 2012, ECF No. 14.

## Analysis

Fed. R. Bankr. P. 9027(a)(2) provides time limits for the removal of civil actions initiated in state court before the commencement of a bankruptcy case. Under Rule 9027(a),

> [A] notice of removal may be filed only within the longest of
> (A) 90 days after the order for relief in the case under the Code,

>(B) 30 days after the entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

The rule provides three independent measures for the deadline, with the longest measure governing. South Texas Funding argues that the phrase "but not later than 180 days after the order for relief" modifies clause (A), clause (B), and clause (C), establishing an outer limit for the removal period.

The Court concludes that the "not later than 180 days" limitation applies only to the deadline under clause (C). The Court applies the rule of the last antecedent. Under the rule of the last antecedent, "a limiting clause or phrase . . . should ordinarily be read as modifying only the noun or phrase that it immediately follows." *United States v. Hayes*, 555 U.S. 415, 425 (2009) (quoting *Barnhart v. Thomas*, 540 U.S. 20, 26 (2003)).

The punctuation of the rule indicates that the limitation applies only to clause (C). The rule of the last antecedent applies when the modifying phrase is not separated from the immediately preceding noun or phrase by a comma. *See In re Tyco Int'l, Ltd. Multidistrict Litig.*, 322 F.Supp.2d 116, 119 (D.N.H. 2004) (recognizing "exception to the rule of the last antecedent which applies when a comma is placed between the last antecedent and the qualifying phrase"); *In re Tudor*, 342 B.R. 540, 554 (Bankr. S.D. Ohio 2005) (quoting *In re Monro*, 282 B.R. 841, 844 (Bankr. N.D. Ohio 2002)) ("[T]he effect of a modifying clause on the preceding phrase(s) is generally dependent on the presence or lack of a separating comma. . . . [T]he lack of a comma will, in most instances, involve the application of the principle of statutory construction known as the rule of the last antecedent[.]").

Clauses (A), (B), and (C) are set off from one another by commas, while the "180 days" phrase is not separated by a comma from the rest of clause (C). The rule of the last antecedent therefore applies to limit the application of the "180 days" phrase to clause (C). The rule of the last antecedent is "not absolute and can assuredly be overcome by other indicia of meaning." *Hayes*, 555 U.S. at 425. In Rule 9027(a)(2), however, there are no "other indicia of meaning" to indicate that the "180 days" phrase applies to clauses (A) and (B) as well as clause (C). The "180 days" phrase does not modify the time limit under clause (B).

South Texas Funding additionally argues that the time limit under Rule 9027(a)(2)(B) is inapplicable here because there has never been an order lifting the automatic stay. The Court disagrees.

By its terms, clause (B) applies "if the claim or cause of action in a civil action has been stayed under § 362 of the Code." The 30-day limit begins to run "after entry of an order terminating the stay." The phrase "after entry of an order terminating the stay" does not state *when* clause (B) applies; it states how the time limit is calculated under clause (B). *See In re Thomson McKinnon, Inc.*, 130 B.R. 721, 724 (Bankr. S.D.N.Y. 1991) (holding that subsection (a)(2)(B) applied because "the stay continues in effect. In these circumstances, the 90-day limitation in Bankruptcy Rule 9027(a)(2) does not apply because the longer period would be the date, *if any*, when relief from the stay is granted") (emphasis added).

The purpose of clause (B) is to allow an exception to the time limits for actions that are stayed. The Advisory Committee Note accompanying Rule 9027(a)(2) states:

> As long as the stay remains in effect there is no reason to impose a time limit for removal to the bankruptcy court and, therefore, clause (B) of subdivision (a)(2) provides that a removal application may be filed within 30 days of entry of an order terminating the stay. Parties to stayed litigation will not be required to act

> immediately on commencement of a case under the Code to protect their right to remove.

Fed. R. Bankr. P. 9027 Advisory Committee Note (1983). The Advisory Committee Note thus explains that there is no time limit for removal while the stay remains in effect. This result would not occur if clause (B) did not apply until after the stay was terminated.

Under South Texas Funding's reading, clause (B) would apply only to removal within the 30-day window after an order terminating the stay. Removal could be time-barred and then become unbarred upon the entry of an order terminating the stay. This result is inconsistent with the language and purpose of the rule.

In light of the language of the rule and the purpose set out by the advisory committee, the Court does not read clause (B) as applying only after the stay has been lifted. The Court instead reads clause (B) to allow removal at any time until 30 days after the entry of an order terminating the stay.

## Conclusion

In this case, the automatic stay remains in effect, and R.E. Loans was not time-barred from removing the state court lawsuit. Accordingly, the Court denies South Texas Funding's motion to remand. For the reasons stated on the record at the July 16, 2012 hearing, the Court also denies South Texas Funding's motion to transfer.

SIGNED **August 8, 2012.**

Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE